HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICK P. TREHUBA and SANDI S. TREHUBA,<br><br>                    Plaintiffs,<br><br>     v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., et al.,<br><br>                    Defendants. | No. 12-cv-5752-RBL<br><br>ORDER<br><br>(Dkt. #14) |

Defendants First American Title Insurance, Citi-Residential Lending, and CR Title move to dismiss Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6).  (Defs.' Mot. to Dismiss, Dkt. #14). Defendants concede that they initiated, but later cancelled, foreclosure proceedings against Plaintiffs.  They argue that there is no claim for wrongful foreclosure initiation under Washington law, citing *Vawter v. Quality Loan Service Corp. of Washington*, 707 F. Supp. 2d 1115, 1120–21 (W.D. Wash. 2010).

Plaintiffs argue that the Washington State Supreme Court's decision in *Bain v. Mortgage Electronic Registration Systems, Inc.*, 175 Wash. 2d 83 (2012), implicitly overrules *Vawter*, and thus, the wrongful-initiation claim survives.  Plaintiffs argue that if the Court were to grant the motion to dismiss, it would "continue in the current trend of the federal courts making excuses for entities purporting to be foreclosing trustees and creditors . . . ."  (Pl.'s Resp. at 23, Dkt. #18.)

Plaintiffs' claims fail for two reasons.  First, *Vawter's* logic is as applicable today as it was when decided.  The Washington Deed of Trust Act provides no statutory cause of action.

*Vawter*, 707 F. Supp. 2d at 1123.  The Act establishes a "comprehensive scheme for the nonjudicial foreclosure process, including specific remedies for grantors and borrowers facing the potential loss of their homes."  *Id.* To judicially interject a cause of action risks "upset[ting] the balance struck by the legislature."  *Id.* Further, such an interjection would "spawn litigation under the [Act]," undermining the legislature's intent to create an efficient and inexpensive nonjudicial foreclosure system.  *Id.* at 1123–24.

Nothing in *Bain* suggests that the Washington Supreme Court intended to read a new cause of action for damages into the Deed of Trust Act.

Second, the Complaint simply fails to allege damages.  Indeed, in their response, Plaintiffs state that "it is particularly galling that [Defendants] essentially contend that there was no harm . . . .  They caused false and misleading documents to be recorded in the records of Pierce County."  (Pl.'s Resp. at 16, Dkt. #18.)  That alone is grounds to halt a foreclosure under the Deed of Trust Act, not to assert damages.  Plaintiffs' remaining claims thus fail.

For the reasons stated above, Defendants' Motion to Dismiss (Dkt. #14) is **GRANTED**.

Dated this 11th day of January 2013.

Ronald B. Leighton
United States District Judge