HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICK P. TREHUBA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN HOME MORTGAGE SERVICING INC, et al.<br><br>　　　　　Defendants. | CASE NO. C12-5752 RBL<br><br>ORDER GRANTING OCWEN'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER is before the Court on Defendant Ocwen's Motion for Summary Judgment [Dkt. #66]. The case involves a home mortgage, an admitted default, an abandoned foreclosure effort, a successful foreclosure, and the still-in-possession debtor's broad claims against the various entities involved over time[1]. Trehuba claims that Ocwen[2] and everyone else

---

[1] The story includes many additional facts, including a post-default and pre-foreclosure Quit Claim deed and the recipient's subsequent bankruptcy. Mrs. Trehuba passed away during the events at issue, and apparently knew more about this particular transaction than does Mr. Trehuba. This Order will reference only Mr. Trehuba, for clarity, as the Quit Claim deed is not ultimately relevant.

[2] Defendant Deutsche Bank, represented by the same attorneys, points out that it has never been served, and seeks dismissal under Rule 41. That unopposed request is GRANTED, and Trehuba's claims against Deutsche Bank are DISMISSED with prejudice.

materially misrepresented to him the "true beneficiary" of his Deed of Trust, and that the various changes to the successor trustees and beneficiaries were not done properly[3]. He seeks to overturn the foreclosure[4], and asserts damage claims for misrepresentation, and for violations of Washington's CPA.

Ocwen argues that the only claims Trehuba actually asserts against it are the CPA and misrepresentation claims, and that he cannot establish a claim for either as a matter of law. Specifically, Trehuba admits he did not digest, much less rely upon, any of the documents that he now claims were "false." It claims that Trehuba cannot establish injury or causation; there is no evidence that the loss of his home or any other damages were caused by anything other than his inability to pay his mortgage. Finally, they argue, the only fact that Trehuba actually does assert, vaguely—that he "received conflicting information" about who actually owned the mortgage he admits he could not and therefore did not pay—is not actionable.

Trehuba's response relies heavily on claims that some of the documents he did not read, see or rely upon were effectively forged, and that if the foreclosure was based on erroneous documents, it was "deceptive." He claims that the he was clearly injured; he lost his home and had to hire an attorney. The remainder of his response is a claim that he is engaging in a private attorney action to ensure that the DTA requirements are met, generally.

As Ocwen amply articulates, these factual allegations are insufficient as a matter of law. Trehuba has not and cannot establish the deceptive act, causation, injury, or public interest

---

[3] Trehuba has apparently engaged a forensic expert to investigate each signatory and their personal history. He relies greatly on the claim that one of the signatories has been disbarred in Mississippi and that the exact timing of the blue ink signatures is improbable.

[4] Trehuba's response abandons his Deed of Trust Act claim, and it is DISMISSED with prejudice.

1  elements of his CPA claim, and he cannot establish that he relied on any misrepresentation by
2  Ocwen.
3      Ocwen's Motion for Summary Judgment is GRANTED and Trehuba's claims against it
4  are DISMISSED with prejudice.  Because there are no remaining claims against any defendants,
5  this matter is closed.
6      IT IS SO ORDERED.
7      Dated this 23rd day of December, 2014.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE